1  Gerard P. Harney
   California Bar No. 129162
2  COZEN O'CONNOR
   Suite 1610, 501 West Broadway
3  San Diego, CA  92101
   Telephone: 619.234.1700
4  Toll Free Phone: 800.782.3366
   Facsimile: 619.234.7831
5
   Attorneys for Plaintiff
6  Lexington Insurance Company

**FILED**

DEC 0 6 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINGEN  DEPUTY

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF MONTEREY

10

11  LEXINGTON INSURANCE COMPANY, a      ) Case No.:  **M 8 7 9 0 9**
    Delaware Corporation,               )
12                                      ) COMPLAINT TO RECOVER DAMAGES
           Plaintiff,                   ) BASED UPON NEGLIGENCE AND
13                                      ) STRICT PRODUCTS LIABILITY
       vs.                              )
14                                      ) Date:
    LG ELECTRONICS U.S.A., INC., PWI    ) Time:
15  CONSTRUCTION, STEVEN HERRERA,       ) Place:
    INNOVATIVE RENOVATIONS SERVICES,    ) Judge:
16  INC., and DOES 1-100,               )
                                        )
17         Defendants.                  )
                                        )
18                                      )
                                        )
19  _____)

20      Plaintiff herein, LEXINGTON INSURANCE COMPANY, by way of

21  complaint against the Defendants, says:

22      1.   Plaintiff herein, Lexington Insurance Company

23  (hereinafter "Lexington") is a Delaware corporation authorized to

24  do business in the State of California and in such capacity

25  provided certain insurance coverage to Crescent Real Estate

26  Equities and its related funds and companies with respect to its

27  ownership interest in the Ventana Inn and Spa located at 48123

28  Highway One, Big Sur, California.  Such insurance coverage was

---

COMPLAINT

1  provided pursuant to Policy No. 1269212, which policy was in effect
2  on or about October 24, 2006.
3     2.   Defendant herein, LG Electronics USA, Inc. (hereinafter
4  "LG Electronics"), is a corporation of undetermined domicile doing
5  business within the State of California and in such capacity
6  designed, manufactured, sold or supplied a plasma screen television
7  which was used in the guest rooms of the Ventana Inn and Spa at all
8  times relevant hereto.
9     3.   Defendant herein, PWI Construction (hereinafter referred
10 to as "PWI"), is a corporation of unknown domicile which at all
11 times hereinafter mentioned is authorized to do business in the
12 State of California and in such capacity performed certain
13 construction work at the Ventana Inn and Spa on behalf of Crescent
14 Real Estate Equities, including, but not limited to, the
15 installation of the aforesaid LG plasma screen televisions in the
16 guest rooms of the Ventana Inn and Spa.
17    4.   Defendants herein, Steve Herrera and Innovative
18 Renovation Services, Inc. (hereinafter collectively referred to as
19 "Herrera"), are individuals or corporations of undetermined
20 domicile authorized to do business in the State of California and
21 in such capacity provided certain design, construction and
22 consulting work for PWI and Crescent Real Estate Equities in
23 connection with the renovation of the guest rooms of the Ventana
24 Inn and Spa and the use of LG plasma screen televisions in such
25 guest rooms and the design of the enclosure for such plasma screen
26 televisions.
27    5.   DOE Defendants 1-100 are sued herein in their fictitious
28 names and this Complaint will be amended upon a determination by

Plaintiff of the true names and capacities of such DOE Defendants who are believed to be responsible in whole or in part for the fire and resulting damages hereinafter referred to.

6.  Each of the DOE Defendants were agents, servants, employees or subcontractors of the other Defendants acting within the scope of their authorities. Action and conducts were ratified by the other Defendants named herein.

7.  On October 24, 2006, a fire began in or around the LG plasma screen television within Guest Room 14 of the aforesaid Ventana Inn and Spa. Such fire resulted in damages to the real and personal property located within such property and a loss by reason of the interruption of business at such property, all which were covered under the Lexington policy of insurance and for which payment has been made in excess of the jurisdictional requirements of this Court.

8.  Plaintiff brings this action pursuant to its equitable and contractual rights of subrogation and to recover its payment to its insured for the damages covered under its aforesaid policy of insurance and its insured's deductible interest from defendants and all others believed to be responsible for such fire and resulting losses.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE)**

9.  Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1 through 8 as though fully set forth herein.

10. The occurrence and resulting damages hereinbefore referred to were caused by the negligence, carelessness and

3

COMPLAINT

negligent omissions of the Defendants and DOES 1-10, in the design, manufacture, supply and installation of the aforesaid LG plasma screen televisions and the manner in which it was ventilated.

11.  Such fire was further caused by inadequacies in the warnings provided with the LG plasma screen television which resulted in it being installed in a manner which failed to provide adequate ventilation to such plasma screen television.

12.  Each of the foregoing Defendants owed a duty of due care to Plaintiff's insured which duty was breached and the breach of such duty was a substantial factor in the damages caused by the fire and compensated under the Plaintiff's aforesaid policy of insurance.

### SECOND CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY)

13.  The occurrence and resulting damages hereinbefore referred to were caused by defects in the LG plasma screen television for which LG Electronics and DOES 11-20 are responsible as the designers, manufacturers, sellers and suppliers of such product.

14.  The aforesaid product was defective at the time of its sale in its design, manufacture, and sale and in failing to provide adequate warnings necessary to make its intended use safe.

15.  The foregoing defects in the aforesaid product existed at the time of its manufacture and sale to the Plaintiff's insured and the aforesaid product was being used in a reasonably foreseeable manner at the time of the aforesaid accident.

16. The aforesaid defects in such product were of such a nature as to be not reasonably discoverable by inspection prior to the occurrence of the fire.

17. The aforesaid Defendants are strictly liable for the defects existing in such product which caused the damages sustained by the Plaintiff's insured and as compensated under the Plaintiff's aforesaid policy of insurance.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them as follows:

1. For general damages to be determined at the time of trial;

2. For pre-judgment and post-judgment interest as permitted by law;

3. For costs and attorneys' fees as permitted by law;

4. For such other and further relief as deemed just and appropriate under all of the circumstances.

DATED: November 26, 2007     COZEN O'CONNOR

By: _____
GERARD P. HARNEY
Attorneys for Plaintiff
LEXINGTON INSURANCE COMPANY