Bertrand LeBlanc II, No. 071617
**CARROLL, BURDICK & McDONOUGH** LLP
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:  415.989.5900
Facsimile:  415.989.0932
Email:  bleblanc@cbmlaw.com

Attorneys for Defendant
LG ELECTRONICS U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, A DELAWARE CORPORATION,<br><br>PLAINTIFF,<br><br>V.<br><br>LG ELECTRONICS U.S.A., INC., PWI CONSTRUCTION, STEVEN HERRERA, INNOVATVE RENOVATIONS SERVICES, INC., AND DOES 1-100,<br><br>DEFENDANTS. | No.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) DIVERSITY<br><br>Complaint Filed:  December 6, 200<br>Complaint Served: December 19, 2007<br>Answer Filed in State Court: None |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant LG Electronics U.S.A., Inc. (hereinafter "LGE" hereby removes to this Court the state court action described below.

1. On December 6, 2007, an action was filed in the Superior court of the State of California for Monterey County, entitled *Lexington Insurance Company, a Delaware Corporation v. LG Electronics U.S.A., Inc., PWI Construction, Steven Herrera Innovative Renovations Services, Inc., and Does 1-100*, Case No. M87909 (hereinafter referred to as "the Action"). A true and correct copy of plaintiff's Complaint served on

CBM-SF\SF387316.1

NOTICE OF REMOVAL

1  named defendant LG Electronics U.S.A., Inc. in this Action is attached to this Notice and is identified and referenced as Exhibit A.

2.  LGE has not yet answered the Complaint nor otherwise appeared in the Action. As of the date of preparation of this Notice of Removal LGE believes that no other named parties have yet been served as defendants in the Action, and none has yet appeared in this case.

3.  Although the amount in controversy is not stated in the Complaint, LGE is informed and believes that plaintiff Lexington alleges it has sustained more than $750,000 in damages to physical property and economic loss. Accordingly, LGE has a good faith belief that Plaintiff will seek damages substantially in excess of the federal diversity jurisdictional amount.

4.  At the time the Action was commenced and presently, LGE was, and still is, a corporation incorporated under the laws of the state of Delaware, having its principal place of business in Englewood Cliffs, New Jersey.

5.  LGE is informed and believes that Defendants PWI Construction and Innovative Renovation Services are incorporated in the state of Arizona with their principal place of business in Mesa, Arizona. LGE is likewise informed and believes that defendant Steven Herrera is president of Innovative Restoration Services and is a resident of the state of Arizona.

6.  At the time the Action was commenced and presently, according to the allegations of its complaint, Plaintiff Lexington Insurance Company is a Delaware corporation. LGE is informed and believes that Plaintiff's principal place of business is in Boston, Massachusetts.

7.  The district court has original jurisdiction of this Action pursuant to 28 U.S.C. § 1332(a). The Action is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. LGE is not a citizen of the state of California. This petition is filed within the time specified

under 28 U.S.C. § 1446(b). Accordingly, the matter is subject to removal on diversity grounds pursuant to 28 U.S.C. § 1441(b).

Dated: December 20, 2007

CARROLL, BURDICK & McDONOUGH LLP

By _____
Bertrand LeBlanc II
Attorneys for Defendant
LG ELECTRONICS U.S.A., INC.

Gerard P. Harney
California Bar No. 129162
COZEN O'CONNOR
Suite 1610, 501 West Broadway
San Diego, CA 92101
Telephone: 619.234.1700
Toll Free Phone: 800.782.3366
Facsimile: 619.234.7831

Attorneys for Plaintiff
Lexington Insurance Company

FILED

DEC 06 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINEEN, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONTEREY

LEXINGTON INSURANCE COMPANY, a
Delaware Corporation,

    Plaintiff,

vs.

LG ELECTRONICS U.S.A., INC., PWI
CONSTRUCTION, STEVEN HERRERA,
INNOVATIVE RENOVATIONS SERVICES,
INC., and DOES 1-100,

    Defendants.

Case No.: M87909

COMPLAINT TO RECOVER DAMAGES
BASED UPON NEGLIGENCE AND
STRICT PRODUCTS LIABILITY

Date:
Time:
Place:
Judge:

    Plaintiff herein, LEXINGTON INSURANCE COMPANY, by way of complaint against the Defendants, says:

    1.  Plaintiff herein, Lexington Insurance Company (hereinafter "Lexington") is a Delaware corporation authorized to do business in the State of California and in such capacity provided certain insurance coverage to Crescent Real Estate Equities and its related funds and companies with respect to its ownership interest in the Ventana Inn and Spa located at 48123 Highway One, Big Sur, California. Such insurance coverage was

COMPLAINT

provided pursuant to Policy No. 1269212, which policy was in effect on or about October 24, 2006.

2. Defendant herein, LG Electronics USA, Inc. (hereinafter "LG Electronics"), is a corporation of undetermined domicile doing business within the State of California and in such capacity designed, manufactured, sold or supplied a plasma screen television which was used in the guest rooms of the Ventana Inn and Spa at all times relevant hereto.

3. Defendant herein, PWI Construction (hereinafter referred to as "PWI"), is a corporation of unknown domicile which at all times hereinafter mentioned is authorized to do business in the State of California and in such capacity performed certain construction work at the Ventana Inn and Spa on behalf of Crescent Real Estate Equities, including, but not limited to, the installation of the aforesaid LG plasma screen televisions in the guest rooms of the Ventana Inn and Spa.

4. Defendants herein, Steve Herrera and Innovative Renovation Services, Inc. (hereinafter collectively referred to as "Herrera"), are individuals or corporations of undetermined domicile authorized to do business in the State of California and in such capacity provided certain design, construction and consulting work for PWI and Crescent Real Estate Equities in connection with the renovation of the guest rooms of the Ventana Inn and Spa and the use of LG plasma screen televisions in such guest rooms and the design of the enclosure for such plasma screen televisions.

5. DOE Defendants 1-100 are sued herein in their fictitious names and this Complaint will be amended upon a determination by

2
COMPLAINT

1  Plaintiff of the true names and capacities of such DOE Defendants
2  who are believed to be responsible in whole or in part for the fire
3  and resulting damages hereinafter referred to.

4      6.   Each of the DOE Defendants were agents, servants,
5  employees or subcontractors of the other Defendants acting within
6  the scope of their authorities.  Action and conducts were ratified
7  by the other Defendants named herein.

8      7.   On October 24, 2006, a fire began in or around the LG
9  plasma screen television within Guest Room 14 of the aforesaid
10 Ventana Inn and Spa.  Such fire resulted in damages to the real and
11 personal property located within such property and a loss by reason
12 of the interruption of business at such property, all which were
13 covered under the Lexington policy of insurance and for which
14 payment has been made in excess of the jurisdictional requirements
15 of this Court.

16     8.   Plaintiff brings this action pursuant to its equitable
17 and contractual rights of subrogation and to recover its payment to
18 its insured for the damages covered under its aforesaid policy of
19 insurance and its insured's deductible interest from defendants and
20 all others believed to be responsible for such fire and resulting
21 losses.

22                    **FIRST CAUSE OF ACTION**
23                      (NEGLIGENCE)

24     9.   Plaintiff re-alleges and incorporates herein the
25 allegations of Paragraphs 1 through 8 as though fully set forth
26 herein.

27     10.  The occurrence and resulting damages hereinbefore
28 referred to were caused by the negligence, carelessness and

negligent omissions of the Defendants and DOES 1-10, in the design, manufacture, supply and installation of the aforesaid LG plasma screen televisions and the manner in which it was ventilated.

11. Such fire was further caused by inadequacies in the warnings provided with the LG plasma screen television which resulted in it being installed in a manner which failed to provide adequate ventilation to such plasma screen television.

12. Each of the foregoing Defendants owed a duty of due care to Plaintiff's insured which duty was breached and the breach of such duty was a substantial factor in the damages caused by the fire and compensated under the Plaintiff's aforesaid policy of insurance.

### SECOND CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY)

13. The occurrence and resulting damages hereinbefore referred to were caused by defects in the LG plasma screen television for which LG Electronics and DOES 11-20 are responsible as the designers, manufacturers, sellers and suppliers of such product.

14. The aforesaid product was defective at the time of its sale in its design, manufacture, and sale and in failing to provide adequate warnings necessary to make its intended use safe.

15. The foregoing defects in the aforesaid product existed at the time of its manufacture and sale to the Plaintiff's insured and the aforesaid product was being used in a reasonably foreseeable manner at the time of the aforesaid accident.

1  16.  The aforesaid defects in such product were of such a nature as to be not reasonably discoverable by inspection prior to the occurrence of the fire.

17.  The aforesaid Defendants are strictly liable for the defects existing in such product which caused the damages sustained by the Plaintiff's insured and as compensated under the Plaintiff's aforesaid policy of insurance.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them as follows:

1.  For general damages to be determined at the time of trial;

2.  For pre-judgment and post-judgment interest as permitted by law;

3.  For costs and attorneys' fees as permitted by law;

4.  For such other and further relief as deemed just and appropriate under all of the circumstances.

DATED: November 26, 2007     COZEN O'CONNOR

By: _____
GERARD P. HARNEY
Attorneys for Plaintiff
LEXINGTON INSURANCE COMPANY

5
COMPLAINT