1  Bertrand LeBlanc II, No. 071617
   **CARROLL, BURDICK & McDONOUGH** LLP
2  Attorneys at Law
   44 Montgomery Street, Suite 400
3  San Francisco, CA  94104
   Telephone:   415.989.5900
4  Facsimile:   415.989.0932
   Email:       bleblanc@cbmlaw.com
5
   Attorneys for Defendant
6  LG ELECTRONICS U.S.A., INC.

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12 | LEXINGTON INSURANCE          | No. C07 06425 PVT
   | COMPANY, A DELAWARE          |
13 | CORPORATION,                 | **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**
   |                              |
14 |            PLAINTIFF,        |
   |                              | Complaint Filed in State Court:  12/6/07
15 |    V.                        | Complaint Served:  12/19/07
   |                              | Case Removed to Federal Court:  12/20/07
16 | LG ELECTRONICS U.S.A., INC., |
   | PWI CONSTRUCTION, STEVEN     |
17 | HERRERA, INNOVATVE           |
   | RENOVATIONS SERVICES, INC.,  |
18 | AND DOES 1-100,              |
   |                              |
19 |            DEFENDANTS.       |

20

21         COMES NOW defendant LG ELECTRONICS U.S.A., INC. and in answer to

22 Plaintiff's Complaint, denies each and every, all and singular, generally and specifically,

23 the allegations contained in said Complaint, and in each cause of action therein.

24         AS AND FOR A FIRST SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

25 Complaint on file herein, and to each cause of action thereof, this answering defendant

26 alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of

27 action against this answering defendant.

28

CBM-SF\SF388396.1

ANSWER TO COMPLAINT

AS AND FOR A SECOND SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that Plaintiff itself was one hundred percent (100%) at fault and culpable in and about the matters set forth in said Complaint and entirely and solely failed to exercise ordinary care for its own safety, and that such failure on its part proximately contributed to and was the sole proximate cause of all the loss and damages complained of by Plaintiff, if any there were.

AS AND FOR A THIRD SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that the damages allegedly sustained by Plaintiff LEXINGTON INSURANCE COMPANY were either wholly or in part caused by the negligence or other legal liability of persons, firms, corporations or entities other than this answering defendant, and that said negligence, fault or other basis for liability on the part of others proximately and concurrently contributed to the loss and damage complained of by Plaintiff, if any there were.

AS AND FOR A FOURTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that Plaintiff has failed to mitigate or minimize its damages as required by law.

AS AND FOR A FIFTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that the product which allegedly injured Plaintiff was altered, changed, or otherwise modified by parties, individuals, or entities other than this answering defendant, and said modifications, changes or alterations were a proximate cause of the damages alleged by Plaintiff, if any there were.

AS AND FOR A SIXTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that prior to and at the time of the alleged injuries, the product which allegedly injured Plaintiff was misused and abused, and were not being used in the manner in which

1  they were intended to be used. Such misuse and abuse caused and contributed to the
2  injuries and damages complained of by Plaintiff, if any there were.
3    AS AND FOR A SEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
4  Complaint on file herein, and to each cause of action thereof, this answering defendant
5  alleges that this answering Defendant is informed and believes that any defect which
6  Plaintiff alleges contributed to Plaintiff's injury, loss or damage was not present at the
7  time the product or products left the possession, custody or control of this answering
8  Defendant but rather arose, and were brought about subsequent thereto.
9    AS AND FOR AN EIGHTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
10 Complaint on file herein, and to each cause of action thereof, this answering defendant
11 alleges upon information and belief that Plaintiff was guilty of willful misconduct which
12 proximately contributed to the occurrences complained of in the Complaint and the
13 damage alleged to have been suffered therein, and Plaintiff is therefore precluded from
14 comparing such conduct with the alleged negligence or fault of this answering Defendant,
15 if any there was.
16   AS AND FOR A NINTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
17 Complaint on file herein, and to each cause of action thereof, this answering defendant
18 alleges that The State of California's judicially created definitions of "manufacturing
19 defects" and "design defects" are unconstitutional in that, among other things, they are
20 void for vagueness and place an undue burden upon interstate commerce as well as
21 constitute an impermissible effort to regulate in an area that has previously been
22 preempted by the federal government.
23   AS AND FOR A TENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
24 Complaint on file herein, and to each cause of action thereof, this answering defendant
25 alleges that the state of the scientific and industrial knowledge and practices was at all
26 material times such that this answering Defendant neither breached any alleged duty owed
27 to Plaintiff, nor knew, or could have known, that the product(s) it allegedly distributed
28 presented a foreseeable risk of harm to the Plaintiff in the normal and expected use of

CBM-SF\SF388396.1                              -3-

ANSWER TO COMPLAINT

such a product. Any products, substances, or equipment manufactured, formulated, sold, or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formation, or distribution.

AS AND FOR AN ELEVENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that, if a television set designed and manufactured, assembled, distributed, sold or otherwise placed into the stream of commerce by it was involved in the incident described in the Complaint as alleged, then answering defendant supplied a written limited warranty with the product terms and conditions of which speak for themselves.

AS AND FOR A TWELFTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that, if a television set designed and manufactured, assembled, distributed, sold or otherwise placed into the stream of commerce by it was involved in the incident described in the Complaint as alleged, then answering defendant did not breach any warranty (express or implied) it provided with the product.

AS AND FOR A THIRTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges upon information and belief that there were no warranties, express or implied, in existence at the time of the subject incident.

AS AND FOR A FOURTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that Plaintiff's failure to perform its duties and obligations under any warranty running from Defendant to Plaintiff caused any such warranty to be null and void prior to the subject incident.

AS AND FOR A FIFTEENTH SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each cause of action thereof, this answering defendant alleges that defendant has insufficient knowledge or information upon which to form a

belief as to whether it may have additional, as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

### PRAYER

WHEREFORE, this answering defendant prays for judgment and relief as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. That this answering defendant be dismissed with costs of suit incurred herein; and
3. For such other and further relief as the Court may deem proper and equitable.

Dated: January 2, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
Bertrand LeBlanc II
Attorneys for Defendant
LG ELECTRONICS U.S.A., INC.

### DEMAND FOR JURY TRIAL

Answering defendant LG ELECTRONICS U.S.A., INC. hereby demands a jury trial in this case.

Dated: January 2, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
Bertrand LeBlanc II
Attorneys for Defendant
LG ELECTRONICS U.S.A., INC.