1  Bertrand LeBlanc II, No. 071617
   **CARROLL, BURDICK & McDONOUGH LLP**
2  Attorneys at Law
   44 Montgomery Street, Suite 400
3  San Francisco, CA 94104
   Telephone:  415.989.5900
4  Facsimile:  415.989.0932
   Email:  bleblanc@cbmlaw.com
5
   Attorneys for Defendant
6  LG ELECTRONICS U.S.A., INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12  LEXINGTON INSURANCE COMPANY, A DELAWARE         No. C07 06425 PVT
13  CORPORATION,
                                                   **CROSS-COMPLAINT**
14             PLAINTIFF,
                                                   Complaint Filed in State Court: 12/6/07
                                                   Complaint Served: 12/19/07
15       V.                                        Case Removed to Federal Court: 12/20/07

16  LG ELECTRONICS U.S.A., INC.,
    PWI CONSTRUCTION, STEVEN
17  HERRERA, INNOVATVE
    RENOVATIONS SERVICES, INC.,
18  AND DOES 1-100,

19             DEFENDANTS.

20
    LG ELECTRONICS U.S.A., INC.,
21
              CROSS-
22            COMPLAINANT,

23       V.

24  PWI CONSTRUCTION, STEVEN
    HERRERA, INNOVATIVE RENOVATIONS
25  SERVICES, INC., AND ROES 1 THROUGH
    20,
26
              CROSS-
27            DEFENDANTS.

28

CBM-SF\SF388406.1

**CROSS-COMPLAINT**

1       COMES NOW Defendant and Cross-Defendant LG ELECTRONICS U.S.A., INC. ("LGE") and cross-complains against Cross-Defendants PWI CONSTRUCTION, STEVEN HERRERA, INNOVATIVE RENOVATIONS SERVICES, INC. AND ROES 1 THROUGH 20, and each of them, alleges:

      1.     LGE is informed and believes, and on that basis alleges that Cross-Defendants PWI CONSTRUCTION, STEVEN HERRERA, INNOVATIVE RENOVATIONS SERVICES, INC. are residents of, and have their principal places of business, outside the State of California, and are "diverse" for purposes of establishing proper jurisdiction in this Court under 28 U.S.C. § 1332(a).

      2.     Cross-Defendants, whether individual, corporate, associate, or otherwise sued herein as ROES 1 through 20, inclusive, are unknown to LGE and are sued herein under fictitious names. LGE will amend this cross-complaint to allege the true names and capacities when the same are ascertained. LGE is informed and believes and on that basis alleges that each of the fictitiously named Cross-Defendants are responsible and liable in some manner for the events, happenings and obligations as herein alleged. LGE is further informed and believes that all of the aforesaid fictitiously-named cross-defendants have "diverse" citizenship for purposes of establishing proper jurisdiction in this Court under 28 U.S.C. § 1332(a).

      3.     LGE is informed and believes, and on that basis alleges that at all times herein mentioned, Cross-Defendants ROES 1 through 10, inclusive, were the agents and employees of one another and in doing the acts herein alleged were performing within the course and scope of said agency and employment.

      4.     On or about December 6, 2007, Plaintiff LEXINGTON INSURANCE COMPANY ("LEXINGTON") filed a complaint in the Superior Court of California, County of Monterey, Case No. M87909 ("LEXINGTON COMPLAINT") naming, *inter alia*, Cross-Complainant as a Defendant alleging it was responsible in some manner for the damages alleged by Plaintiff. LGE incorporates herein by reference the Lexington Complaint solely for purposes of reference and without admitting any of its allegations.

5. LGE answered the Complaint, concurrently with the filing of this Cross-Complaint, denying all material allegations, generally and specifically, contained therein, and asserting various affirmative defenses.

### First Cause of Action

### (Equitable Indemnity and Contribution)

6. LGE re-alleges and incorporates the allegations contained in paragraphs 1 through 5, inclusive.

7. LGE denies that it is in any way responsible for Lexington's damages, if any.

8. LGE is informed and believes, and on that basis alleges that any damages suffered by Lexington in the underlying action are the result of the acts or omissions of named Cross-Defendants and ROES 1 through 20, inclusive, and not a result of any act or omission on the part of LGE.

9. If LGE is held liable to Plaintiff Lexington, or to any other party, it will be solely due to acts or omissions of Cross-Defendants and ROES 1 through 20, inclusive, and not due to any acts or omissions of LGE. Because of LGE's lack of any responsibility for any damages to either Lexington, or to any other party, LGE is entitled to equitable indemnity and contribution from Cross-Defendants and ROES 1 through 20, inclusive, for any and all sums paid by LGE in defense of this action or related cross-actions, to include any attorneys' fees expended and for any sums paid by LGE as judgment, compromise, of settlement of any party herein.

### Second Cause of Action

### (Declaratory Relief)

10. LGE re-alleges and incorporates the allegations contained in paragraphs 1 through 9, inclusive.

11. Cross-Complainant is informed and believes, and on that basis alleges, that if Cross-Complainant is found to be liable in this action, Cross-Defendants herein

1 have an equitable duty to indemnify Cross-Complainant because of the active and primary nature of the conduct of Cross-Defendants, and each of them, as contrasted with the passive and secondary nature of the conduct of Cross-Complainant. Accordingly, Cross-Defendants, and each of them, are required by law to hold Cross-Complainant harmless and to indemnify it for the amount of any judgment or settlement and for Cross-Complainants' expenses, costs of suit, legal fees and other damages, which Cross-Complainant incurs as a result of this action.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as follows:

1. For a declaration by this court that Cross-Defendants, and each of them, are obligated to indemnify Cross-Complainant for any judgment, settlement, costs, attorney fees and defense expenditures incurred by Cross-Complainant in connection with this action;

2. For equitable indemnity;

3. For attorney fees and costs of suit incurred herein; and

4. For such other and further relief as this court may deem appropriate.

Dated: January 2, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
Bertrand LeBlanc II
Attorneys for Defendant
LG ELECTRONICS U.S.A., INC.

CBM-SF\SF388406.1

-4-

CROSS-COMPLAINT