**EXHIBIT "A"**

```
 1  Gerard P. Harney
    California Bar No. 129162
 2  COZEN O'CONNOR
    Suite 1610, 501 West Broadway
 3  San Diego, CA 92101
    Telephone: 619.234.1700
 4  Toll Free Phone: 800.782.3366
    Facsimile: 619.234.7831
 5
    Attorneys for Plaintiff
 6  Lexington Insurance Company
 7
```

FILED

DEC 06 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS U.S.A., INC., PWI CONSTRUCTION, STEVEN HERRERA, INNOVATIVE RENOVATIONS SERVICES, INC., and DOES 1-100,<br><br>Defendants. | Case No.: M87909<br><br>COMPLAINT TO RECOVER DAMAGES BASED UPON NEGLIGENCE AND STRICT PRODUCTS LIABILITY<br><br>Date:<br>Time:<br>Place:<br>Judge: |

Plaintiff herein, LEXINGTON INSURANCE COMPANY, by way of complaint against the Defendants, says:

1. Plaintiff herein, Lexington Insurance Company (hereinafter "Lexington") is a Delaware corporation authorized to do business in the State of California and in such capacity provided certain insurance coverage to Crescent Real Estate Equities and its related funds and companies with respect to its ownership interest in the Ventana Inn and Spa located at 48123 Highway One, Big Sur, California. Such insurance coverage was

COMPLAINT

provided pursuant to Policy No. 1269212, which policy was in effect on or about October 24, 2006.

2. Defendant herein, LG Electronics USA, Inc. (hereinafter "LG Electronics"), is a corporation of undetermined domicile doing business within the State of California and in such capacity designed, manufactured, sold or supplied a plasma screen television which was used in the guest rooms of the Ventana Inn and Spa at all times relevant hereto.

3. Defendant herein, PWI Construction (hereinafter referred to as "PWI"), is a corporation of unknown domicile which at all times hereinafter mentioned is authorized to do business in the State of California and in such capacity performed certain construction work at the Ventana Inn and Spa on behalf of Crescent Real Estate Equities, including, but not limited to, the installation of the aforesaid LG plasma screen televisions in the guest rooms of the Ventana Inn and Spa.

4. Defendants herein, Steve Herrera and Innovative Renovation Services, Inc. (hereinafter collectively referred to as "Herrera"), are individuals or corporations of undetermined domicile authorized to do business in the State of California and in such capacity provided certain design, construction and consulting work for PWI and Crescent Real Estate Equities in connection with the renovation of the guest rooms of the Ventana Inn and Spa and the use of LG plasma screen televisions in such guest rooms and the design of the enclosure for such plasma screen televisions.

5. DOE Defendants 1-100 are sued herein in their fictitious names and this Complaint will be amended upon a determination by

Plaintiff of the true names and capacities of such DOE Defendants who are believed to be responsible in whole or in part for the fire and resulting damages hereinafter referred to.

6. Each of the DOE Defendants were agents, servants, employees or subcontractors of the other Defendants acting within the scope of their authorities. Action and conducts were ratified by the other Defendants named herein.

7. On October 24, 2006, a fire began in or around the LG plasma screen television within Guest Room 14 of the aforesaid Ventana Inn and Spa. Such fire resulted in damages to the real and personal property located within such property and a loss by reason of the interruption of business at such property, all which were covered under the Lexington policy of insurance and for which payment has been made in excess of the jurisdictional requirements of this Court.

8. Plaintiff brings this action pursuant to its equitable and contractual rights of subrogation and to recover its payment to its insured for the damages covered under its aforesaid policy of insurance and its insured's deductible interest from defendants and all others believed to be responsible for such fire and resulting losses.

## FIRST CAUSE OF ACTION

### (NEGLIGENCE)

9. Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1 through 8 as though fully set forth herein.

10. The occurrence and resulting damages hereinbefore referred to were caused by the negligence, carelessness and

3

COMPLAINT

negligent omissions of the Defendants and DOES 1-10, in the design, manufacture, supply and installation of the aforesaid LG plasma screen televisions and the manner in which it was ventilated.

11. Such fire was further caused by inadequacies in the warnings provided with the LG plasma screen television which resulted in it being installed in a manner which failed to provide adequate ventilation to such plasma screen television.

12. Each of the foregoing Defendants owed a duty of due care to Plaintiff's insured which duty was breached and the breach of such duty was a substantial factor in the damages caused by the fire and compensated under the Plaintiff's aforesaid policy of insurance.

### SECOND CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY)

13. The occurrence and resulting damages hereinbefore referred to were caused by defects in the LG plasma screen television for which LG Electronics and DOES 11-20 are responsible as the designers, manufacturers, sellers and suppliers of such product.

14. The aforesaid product was defective at the time of its sale in its design, manufacture, and sale and in failing to provide adequate warnings necessary to make its intended use safe.

15. The foregoing defects in the aforesaid product existed at the time of its manufacture and sale to the Plaintiff's insured and the aforesaid product was being used in a reasonably foreseeable manner at the time of the aforesaid accident.

1      16. The aforesaid defects in such product were of such a
2  nature as to be not reasonably discoverable by inspection prior to
3  the occurrence of the fire.
4      17. The aforesaid Defendants are strictly liable for the
5  defects existing in such product which caused the damages sustained
6  by the Plaintiff's insured and as compensated under the Plaintiff's
7  aforesaid policy of insurance.
8      WHEREFORE, Plaintiff demands judgment against Defendants, and
9  each of them as follows:
10     1. For general damages to be determined at the time of
11 trial;
12     2. For pre-judgment and post-judgment interest as permitted
13 by law;
14     3. For costs and attorneys' fees as permitted by law;
15     4. For such other and further relief as deemed just and
16 appropriate under all of the circumstances.
17 DATED: November 26, 2007    COZEN O'CONNOR
18
19                       By: _____
20                           GERARD P. HARNEY
                           Attorneys for Plaintiff
21                           LEXINGTON INSURANCE COMPANY
22
23
24
25
26
27
28

**EXHIBIT "B"**



DONNA LEE H. WILLIAMS
INSURANCE COMMISSIONER

841 SILVER LAKE BLVD.
DOVER, DELAWARE 19904-2465
(302) 739 - 4251
FACSIMILE (302) 739 - 5280

Department of Insurance

**CERTIFIED
AMENDED AND RESTATED
CERTIFICATE OF INCORPORATION**

I, DONNA LEE H. WILLIAMS, Insurance Commissioner of the State of Delaware, do hereby certify that the attached Amended and Restated Certificate of Incorporation of the

**LEXINGTON INSURANCE COMPANY,**

as filed with the Delaware Secretary of State on January 16, 2004, is a true and correct copy of the document on file with this Department.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED THE OFFICIAL SEAL OF THIS DEPARTMENT AT THE CITY OF DOVER, THIS 28TH DAY OF APRIL, 2004.

*Donna Lee H. Williams*

DONNA LEE H. WILLIAMS
INSURANCE COMMISSIONER



PAGE 1

The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE RESTATED CERTIFICATE OF "LEXINGTON INSURANCE COMPANY", FILED IN THIS OFFICE ON THE SIXTEENTH DAY OF JANUARY, A.D. 2004, AT 11 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

0623620  8100

040035179

Harriet Smith Windsor, Secretary of State
AUTHENTICATION: 2949581

DATE: 02-24-04

**AMENDED AND RESTATED CERTIFICATE OF INCORPORATION**

**OF**

**LEXINGTON INSURANCE COMPANY**

---

Lexington Insurance Company, a corporation organized and existing under the General Corporation Law of the State of Delaware, does hereby certify as follows:

The name of the corporation is Lexington Insurance Company. The date of filing of its Certificate of Incorporation with the Secretary of State of Delaware was March 31, 1965 and certificates of amendment of the Certificate of Incorporation were filed on April 16, 1973, March 1, 1978 and December 22, 1980. This Amended and Restated Certificate of Incorporation, having been duly adopted in accordance with Sections 228, 242 and 245 of the General Corporation Law of the State of Delaware, further amends and restates the Certificate of Incorporation of the Corporation.

The Certificate of Incorporation of Lexington Insurance Company is hereby amended and restated to read in its entirety as follows:

1. The name of the corporation is: Lexington Insurance Company (the "Corporation").

2. The address of the registered office of the Corporation is 2711 Centerville Road, Suite 400, in the City of Wilmington 19808, in the County of New Castle, in the State of Delaware. The name of its registered agent at such address is Corporation Service Company.

3. The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware as now in effect or as hereafter amended.

4. The total number of shares of capital stock which the Corporation is authorized to issue is 5,000,000, par value $5.00 per share, all of which shall be common stock. Said shares shall be voting stock and each share shall be entitled to one vote in all corporate elections and in connection with all corporate matters upon which a vote of stockholders shall be required or permitted.

5. The number of directors of the Corporation shall be such as from time to time shall be fixed in the manner provided in the By-Laws. Election of directors need not be by written ballot and may be by a ballot submitted by electronic transmission which sets forth or is transmitted with information from which it can be determined that the electronic transmission was authorized by the stockholder or proxy holder.

H:\Finnegan\DE Bylaws\Lex RCOI 7-25-00.doc

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 11:00 AM 01/16/2004*
*FILED 11:00 AM 01/16/2004*
*SRV 040035179 - 0623620 FILE*

6. The Board of Directors shall have power without the assent or vote of the stockholders to fix and vary the amount of shares of capital stock of the Corporation to be reserved for any proper purpose; to authorize and cause to be executed mortgages and liens upon all or any part of the property of the Corporation; to determine the use and disposition of any surplus or net profits and to fix the times for the declaration and payment of dividends.

7. The Board of Directors shall have the power to adopt, amend or repeal the By-Laws of the Corporation subject to the power of the stockholders to alter or repeal any by-law whether adopted by the Board of Directors or the stockholders.

8. The directors are empowered to exercise all such powers and do all such acts as may be exercised or done by the Corporation, subject, nevertheless, to the provisions of the statutes of the State of Delaware, to this Amended and Restated Certificate of Incorporation and the By-Laws of the Corporation; provided however, that no by-laws adopted by the stockholders shall invalidate any prior act of the directors which would have been valid if such by-laws had not been so adopted.

9. To the fullest extent permitted by the laws of the State of Delaware, as now in effect and as may be amended from time to time: (a) a director of the Corporation shall not be personally liable to the Corporation or its stockholders for any monetary damages for any action taken or any failure to take any action and (b) the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, including, but not limited to, any action by or in the right of the Corporation, by reason of the fact that he or she is or was a director, officer or employee of the Corporation or serves or served any other enterprise at the request of the Corporation, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement, actually and reasonably incurred by such person in connection with such threatened, pending or completed action, suit or proceeding. No amendment, modification or repeal of this paragraph 9 or the adoption of any provision of this Amended and Restated Certificate of Incorporation inconsistent with this paragraph 9 shall eliminate or reduce the effect of this paragraph 9 in respect of any matter occurring before such amendment, modification, repeal or adoption or in respect of any cause of action, suit or claim relating to any such matter which would have given rise to a right of indemnification or right to receive expenses pursuant to this paragraph 9 if such amendment, modification, repeal or adoption had not been so amended, modified, repealed or adopted.

10. To the fullest extent permitted by law, no contract or other transaction between the Corporation and any other corporation, whether or not a majority of the shares of the capital stock of such other corporation is owned by the Corporation, and no act of the Corporation shall in any way be affected or invalidated solely by the fact that any of the directors of the Corporation are financially interested in, or are directors or officers of, such other corporation; any director individually, or any firm of which such director may be a member, may be a party to, or may be financially or otherwise interested in, any contract or transaction of the Corporation, provided that the fact that he, she or such firm is so interested shall be disclosed or shall have been known to the Board of Directors or a majority thereof; and any director of the Corporation who is a director or officer of such other corporation, or who is so interested, may be counted in determining the

existence of a quorum at any meeting of the Board of Directors of the Corporation which shall authorize such contract or transaction and may vote at such meeting to authorize such contract or transaction with like force and effect as if he, she or such firm were not such director or officer of such other corporation or not so interested.

IN WITNESS WHEREOF, the Corporation has caused this Amended and Restated Certificate of Incorporation to be duly executed this 29th day of December, 2003.

LEXINGTON INSURANCE COMPANY

By: _____

Name: Kevin Hugh Kelley
Title: President

Acknowledged by:

_____

Name: Elizabeth Margaret Tuck
Title: Secretary

3

**EXHIBIT "C"**

1  Bertrand LeBlanc II, No. 071617
   **CARROLL, BURDICK & McDONOUGH LLP**
2  Attorneys at Law
   44 Montgomery Street, Suite 400
3  San Francisco, CA 94104
   Telephone:    415.989.5900
4  Facsimile:    415.989.0932
   Email:        bleblanc@cbmlaw.com
5
   Attorneys for Defendant
6  LG ELECTRONICS U.S.A., INC.

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN JOSE DIVISION

11

| | |
|---|---|
| 12  LEXINGTON INSURANCE COMPANY, A DELAWARE CORPORATION, | No. |
| 13 | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) DIVERSITY |
| 14       PLAINTIFF, | |
| 15   v. | Complaint Filed:  December 6, 200 Complaint Served: December 19, 2007 Answer Filed in State Court: None |
| 16  LG ELECTRONICS U.S.A., INC., PWI CONSTRUCTION, STEVEN HERRERA, INNOVATVE RENOVATIONS SERVICES, INC., AND DOES 1-100, | |
| 19       DEFENDANTS. | |

20

21    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22    PLEASE TAKE NOTICE that Defendant LG Electronics U.S.A., Inc. (hereinafter

23  "LGE" hereby removes to this Court the state court action described below.

24    1.    On December 6, 2007, an action was filed in the Superior court of the

25  State of California for Monterey County, entitled *Lexington Insurance Company, a*

26  *Delaware Corporation v. LG Electronics U.S.A., Inc., PWI Construction, Steven Herrera*

27  *Innovative Renovations Services, Inc., and Does 1-100,* Case No. M87909 (hereinafter

28  referred to as "the Action"). A true and correct copy of plaintiff's Complaint served on

CBM-SF\SF387316.1

1 | named defendant LG Electronics U.S.A., Inc. in this Action is attached to this Notice and
2 | is identified and referenced as Exhibit A.

3 |     2.    LGE has not yet answered the Complaint nor otherwise appeared in the
4 | Action. As of the date of preparation of this Notice of Removal LGE believes that no
5 | other named parties have yet been served as defendants in the Action, and none has yet
6 | appeared in this case.

7 |     3.    Although the amount in controversy is not stated in the Complaint, LGE
8 | is informed and believes that plaintiff Lexington alleges it has sustained more than
9 | $750,000 in damages to physical property and economic loss. Accordingly, LGE has a
10 | good faith belief that Plaintiff will seek damages substantially in excess of the federal
11 | diversity jurisdictional amount.

12 |     4.    At the time the Action was commenced and presently, LGE was, and still
13 | is, a corporation incorporated under the laws of the state of Delaware, having its principal
14 | place of business in Englewood Cliffs, New Jersey.

15 |     5.    LGE is informed and believes that Defendants PWI Construction and
16 | Innovative Renovation Services are incorporated in the state of Arizona with their
17 | principal place of business in Mesa, Arizona. LGE is likewise informed and believes that
18 | defendant Steven Herrera is president of Innovative Restoration Services and is a resident
19 | of the state of Arizona.

20 |     6.    At the time the Action was commenced and presently, according to the
21 | allegations of its complaint, Plaintiff Lexington Insurance Company is a Delaware
22 | corporation. LGE is informed and believes that Plaintiff's principal place of business is in
23 | Boston, Massachusetts.

24 |     7.    The district court has original jurisdiction of this Action pursuant to 28
25 | U.S.C. § 1332(a). The Action is a civil action between citizens of different states and the
26 | matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. LGE is
27 | not a citizen of the state of California. This petition is filed within the time specified
28

CBM-SF\SF387316.1      -2- 

**NOTICE OF REMOVAL**

1 | under 28 U.S.C. § 1446(b). Accordingly, the matter is subject to removal on diversity
2 | grounds pursuant to 28 U.S.C. § 1441(b).

Dated: December 20, 2007

CARROLL, BURDICK & McDONOUGH LLP

By _____
Bertrand LeBlanc II
Attorneys for Defendant
LG ELECTRONICS U.S.A., INC.

CBM-SF\SF387316.1

-3-

**NOTICE OF REMOVAL**